



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS



## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>KC-2018-1191 |
| **Plaintiff**<br>Kevin G Aubee<br><br>v.<br><br>**Defendant**<br>Selene Finance, Lp | **Attorney for the Plaintiff or the Plaintiff**<br>Todd Dion |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>681 PARK AVENUE<br>SUITE 24<br>CRANSTON RI  02910 |
| Noel Judicial Complex<br>Kent County<br>222 Quaker Lane<br>Warwick RI  02886<br>(401) 822-6900 | **Address of the Defendant**<br>90 Richmond Avenue Suite 400 South<br>Houston TX  77042 |

**TO THE DEFENDANT, Selene Finance, LP:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 12/28/2018. | /s/ Nancy Striuli<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND          PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Kevin G Aubee<br><br>    v.<br>**Defendant**<br>Selene Finance, Lp | **Civil Action File Number**<br>KC-2018-1191 |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Selene Finance, LP, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
    Name of person of suitable age and discretion _____
    Address of dwelling house or usual place of abode _____
    _____
    Age _____
    Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
    Name of authorized agent _____
    If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
    _____

☐ With a guardian or conservator of the Defendant.
    Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
    Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
- ☐ By delivering said papers to an officer or a managing or general agent.
  Name of person and designation _____
- ☐ By leaving said papers at the office of the corporation with a person employed therein.
  Name of person and designation _____
- ☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____
  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
  _____

- ☐ I was unable to make service after the following reasonable attempts: _____
  _____

SERVICE DATE:   _____ / _____ / _____          SERVICE FEE $ _____
                       Month   Day     Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
Signature

State of _____
County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                                      Notary Public: _____
                                      My commission expires: _____
                                      Notary identification number: _____

SC-CMS-1 (revised July 2014)

SC-CMS-1 (revised July 2014)

Number: KC-2018-1191
h Kent County Superior Court
ltted: 10/26/2018 10:51 AM
ope: 1774105
wer: Takesha L.

**STATE OF RHODE ISLAND**                        **SUPERIOR COURT**
**PROVIDENCE, SC**

---

|                                                        |   |                          |
|--------------------------------------------------------|---|--------------------------|
| KEVIN G. AUBEE, CARRIE A. AUBEE,                       | ) |                          |
|                                                        | ) |                          |
| *Plaintiffs,*                                          | ) | C.A. NO.                 |
|                                                        | ) |                          |
| vs.                                                    | ) | COMPLAINT                |
|                                                        | ) |                          |
|                                                        | ) | JURY TRIAL DEMANDED      |
| SELENE FINANCE, LP,                                    | ) |                          |
| WILMINGTON SAVINGS FUND SOCIETY,                       | ) |                          |
| FSB D/B/A CHRISTIANA TRUST, AS                         | ) |                          |
| TRUSTEE FOR PRETIUM MORTGAGE                           | ) |                          |
| ACQUISITION TRUST,                                     | ) |                          |
|                                                        | ) |                          |
| *Defendants.*                                          | ) |                          |

---

## **INTRODUCTION**

1.     This complaint is brought by Plaintiffs Kevin G. Aubee and Carrie A. Aubee against Defendants Selene Finance, LP (Selene) and Wilmington Savings Fund Society, FSB d/b/a/ Christiana Trust as trustee for Pretium Mortgage Acquisition Trust (Wilmington) for wrongful foreclosure of the subject property due to breach of contract for failure to provide proper notice of default pursuant to the subject matter mortgage and violation of R.I.G.L.§ 34-27-3.1 for failure to advise Plaintiffs of the availability counseling through HUD approved mortgage counseling agencies pursuant to said statute. Such breach and failure renders any acceleration, foreclosure and mortgagee's sale void.

2.     This complaint seeks a Declaratory Judgment that the acceleration, foreclosure, and mortgagee's foreclosure sale as noted herein are in breach of contract, in violation of R.I.G.L.§ 34-27-3.1, and are thus void. Additionally, Plaintiffs seek a Court Order requiring that Defendants take all necessary steps to return Plaintiffs to their status and circumstances prior to said wrongful foreclosure. Plaintiffs further seeks actual, monetary, punitive and exemplary

Number: KC-2018-1191
n Kent County Superior Court
itted: 10/26/2018 10:51 AM
ope: 1774105
wer: Takesha L.

damages, restitution, an accounting, attorney's fees and costs, equitable relief and all other relief

as provided by state law for Defendants wrongful acts.

## JURISDICTION AND VENUE

3.      This Honorable Court has subject matter jurisdiction as the subject property at issue is

located at 16 Louise Ann Drive, Smithfield, RI 02197, the Plaintiffs reside at said subject

property, and Defendants conducted all of the acts alleged herein in the State of Rhode Island.

4.      Venue is proper in this Honorable Court in that the events or omissions giving rise to this

claim have occurred, and the real property that is the subject of the action is situated within the

State of Rhode Island.

## PARTIES

5.      Plaintiffs, Kevin G. Aubee and Carrie A. Aubee, are citizens of Rhode Island residing

at, and are the rightful owners of 16 Louise Ann Drive, Smithfield, RI 02917 which is the

"subject property" referenced herein.

6.      Defendant, Selene Finance, LP (Selene), is a mortgage servicer and banking related

services company located at 90 Richmond Avenue, Suite 400 South, Houston, TX 77042.

7.      Defendant, Wilmington Savings Fund Society, FSB d/b/a/ Christiana Trust as trustee for

Pretium Mortgage Acquisition Trust (Wilmington), is a securitized investment trust located at

500 Delaware Avenue, 11th Floor, Wilmington, Delaware 19801.

## FACTS

8.      Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

9.      Plaintiffs, Kevin G. Aubee and Carrie A. Aubee, are citizens of Rhode Island residing at,

and are the rightful owners of 16 Louise Ann Drive, Smithfield, RI 02917 which is the "subject

property" referenced herein.

Number: KC-2018-1191
n Kent County Superior Court
itted: 10/26/2018 10:51 AM
ope: 1774105
wer: Takesha L.

10.     On September 19, 2003, Plaintiffs were conveyed the subject property. The Deed

granting the property to Plaintiffs was recorded in the Town of Smithfield Clerk's Office Land

Evidence Records in Book 398, at page 234 on September 25, 2003.

11.     On January 26, 2005, Plaintiffs executed a promissory note and mortgage deed in the sum

of Three Hundred Fifty-Nine Thousand Six Hundred Fifty Dollars ($359,650.00) in favor of

Domestic Bank, as lender and Mortgage Electronic Registration Systems, Inc. (MERS) as

mortgagee. ("Aubee Mortgage/Note"). The Aubee Mortgage was recorded in the Town of

Smithfield Clerk's Office Land Evidence Records in Book 453, at page 254.

12.     The Aubee Mortgage states at paragraph 22 as follows;

> 22. Acceleration; Remedies. Lender shall give notice to Borrower
> prior to acceleration following Borrower's breach of any covenant
> or agreement in this Security Instrument…The notice shall specify:
> (a) the default; (b) the action required to cure the default; (c) a
> date, not less than 30 days from the date the notice is given to
> Borrower, by which the default must be cured; and (d) that failure
> to cure the default on or before the date specified in the notice may
> result in acceleration of the sums secured by this Security
> Instrument and sale of the Property. The notice shall further inform
> Borrower of the right to reinstate after acceleration and the right to
> bring a court action to assert the non-existence of a default or any
> other defense of Borrower to acceleration and sale. If the default is
> not cured on or before the date specified in the notice, Lender at its
> option may require immediate payment in full of all sums secured
> by this Security Instrument without further demand and may
> invoke the STATUTORY POWER OF SALE and any other
> remedies permitted by Applicable Law. Lender shall be entitled to
> collect all expenses incurred in pursuing the remedies provided in
> this Section 22, including, but not limited to, reasonable attorneys'
> fees and costs of title evidence.
>
> If Lender invokes the STATUTORY POWER OF SALE, Lender
> shall mail a copy of a notice of sale to Borrower as provided in
> Section 15. Lender shall publish the notice of sale, and the
> Property shall be sold in the manner prescribed by Applicable
> Law. Lender or its designee may purchase the Property at any sale.
> The proceeds of the sale shall be applied in the following order: (a)
> to all expenses of the sale, including, but not limited to, reasonable

Number: KC-2018-1191
Kent County Superior Court
ted: 10/26/2018 10:51 AM
pe: 1774105
er: Takesha L.

attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

13.     Paragraph 22 of the Aubee Mortgage requires that prior to acceleration and foreclosure the Defendants are required to send the Plaintiffs a Default Notice which informs said Plaintiffs that they have a "right to reinstate after acceleration". The "right to reinstate after acceleration" contained in the Aubee Mortgage is described in Paragraph 19 of the Mortgage as follows:

> 19. Borrower's Right to Reinstate After Acceleration. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time *prior to the earliest of: (a) five days before* the sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of judgment enforcing this Security Instrument. Those *conditions* are that Borrower: (a) *pays Lender all sums which then would be due* under this Security Instrument and the Note *as if no acceleration had occurred*; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. *Upon reinstatement* by Borrower, this Security Instrument and *obligations* secured hereby *shall remain fully effective as if no acceleration had occurred*. However this right to reinstate shall not apply in the case of acceleration under Section 18."

(emphasis added)

4

Number: KC-2018-1191
n Kent County Superior Court
tted: 10/26/2018 10:51 AM
pe: 1774105
wer: Takesha L.

14.     On July 24, 2009, MERS purportedly assigned the subject mortgage to Wells Fargo Bank, N.A.  Said purported "Assignment of Mortgage" was recorded in the Town of Smithfield Clerk's Office Land Evidence Records in Book 699 Page 283 on July 28, 2009.

15.     On December 13, 2011, MERS again purportedly assigned the subject mortgage to Wells Fargo Bank, N.A.  Said purported "Assignment of Mortgage" was recorded in the Town of Smithfield Clerk's Office Land Evidence Records in Book 824 Page 129 on December 15, 2011.

16.     On January 31, 2010, Wells Fargo Bank, N.A. caused to be sent to Plaintiffs a purported "Notice of Default". Said notice failed to inform Plaintiffs with specificity of their "right to bring a court action to assert the non-existence of a default or any other defense"; and the conditions Plaintiffs are required to meet in order to exercise their right to reinstate the mortgage after acceleration pursuant to paragraphs 19 & 22 of the Aubee Mortgage. (See: Exhibit 1).

17.     On March 7, 2010, Wells Fargo Bank, N.A. again caused to be sent to Plaintiffs another purported "Notice of Default". Said notice failed to inform Plaintiffs with specificity of their "right to bring a court action to assert the non-existence of a default or any other defense"; and the conditions Plaintiffs are required to meet in order to exercise their right to reinstate the mortgage after acceleration pursuant to paragraphs 19 & 22 of the Aubee Mortgage. (See: Exhibit 2).

18.     On April 20, 2016, Wells Fargo Bank, N.A. purportedly assigned the subject mortgage to Wilmington Savings Fund Society, FSB d/b/a/ Christiana Trust as trustee for Pretium Mortgage Acquisition Trust. Said purported "Assignment of Mortgage" was recorded in the Town of Smithfield Clerk's Office Land Evidence Records in Book 1056 Page 308 on June 30, 2016.

5

19.     On November 14, 2017, Defendant Selene, acting on behalf of Wilmington, caused to be sent to Plaintiffs a Notice of Intent to Foreclose. Said notice failed to inform Plaintiffs of the availability of HUD-approved mortgage counseling agencies and, the toll free telephone number and website address maintained to provide information regarding no-cost HUD-approved mortgage counseling agencies in Rhode Island, in violation of R.I.G.L. § 34-27-3.1. (See: Exhibit 3).

20.     On April 20, 2018, Defendant Selene, acting on behalf of Wilmington, caused to be sent to Plaintiffs a Notice of Intent to Foreclose. Said notice failed to inform Plaintiffs of the availability of HUD-approved mortgage counseling agencies and, the toll free telephone number and website address maintained to provide information regarding no-cost HUD-approved mortgage counseling agencies in Rhode Island, in violation of R.I.G.L. § 34-27-3.1. (See: Exhibit 4).

21.     Plaintiffs allege that the November 14, 2017 and the April 20, 2018 notices failed to inform Plaintiffs of the availability of HUD-approved mortgage counseling agencies and, the toll free telephone number and website address maintained to provide information regarding no-cost HUD-approved mortgage counseling agencies in Rhode Island, in violation of R.I.G.L. § 34-27-3.1.

22.     Moreover, Plaintiffs allege that Defendants never sent and Plaintiffs never received any notice informing them of the availability of HUD-approved mortgage counseling agencies and, the toll free telephone number and website address maintained to provide information regarding no-cost HUD-approved mortgage counseling agencies in Rhode Island, 45 days prior to initiating foreclosure, in violation of R.I.G.L. § 34-27-3.1.

6

Number: KC-2018-1191
n Kent County Superior Court
itted: 10/26/2018 10:51 AM
ope: 1774105
wer: Takesha L.

23.    Defendants foreclosed the Aubee Mortgage and sold the property at mortgagee's foreclosure sale on June 18, 2018.

24.    Plaintiffs herein allege that prior to acceleration and prior to the foreclosure Defendants never sent and Plaintiffs never received notice in accordance with paragraph 22 of the mortgage, stating, "a) existence of default; b) the action required to cure the default; c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; d) that failure to cure the default on or before the date....may result in acceleration"; c) informing Plaintiffs, with specificity, of their "right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense"; and f) the conditions Plaintiffs are required to meet in order to exercise their right to reinstate the mortgage after acceleration pursuant to paragraph 19 of the Aubee Mortgage.

25.    As such, the Defendants failed to provide Plaintiffs proper Notice of Default in breach of the Aubee Mortgage contract. Therefore, the foreclosure and sale are void.

26.    Further, Defendants failed to inform Plaintiffs of the availability of HUD-approved mortgage counseling agencies and, the toll free telephone number and website address maintained to provide information regarding no-cost HUD-approved mortgage counseling agencies in Rhode Island, in violation of R.I.G.L. § 34-27-3.1. Therefore, the foreclosure and sale are void.

## COUNT I
## BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS PRECEDENT TO EXERCISE THE STATUTORY POWER OF SALE

27.    Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

28.    As described above, the mortgage contract entered into by Plaintiffs constitutes a valid offer.

7

umber: KC-2018-1191
Kent County Superior Court
ed: 10/28/2018 10:51 AM
)e: 1774105
er: Takesha L.

29.     Upon Plaintiffs executing the mortgage contract and giving it to their Lender, the Lender accepted that offer.

30.     Alternatively, Plaintiffs execution of the mortgage contract thereby giving a security interest in their property to their Lender constitutes an offer.  Acceptance of that offer occurred when Defendants accepted payments made by Plaintiffs pursuant to the mortgage contract.

31.     The mortgage contract was supported by consideration.   Plaintiffs payments to Defendants constitutes consideration.

32.     Plaintiffs and Defendants thereby formed a valid contract and Plaintiffs were, are, and remain ready willing and able to perform under said contract.

33.     Defendants breached the mortgage contract of Plaintiffs by failing to keep their obligations pursuant to the terms as agreed to found at paragraphs 22 & 19 of the Aubee Mortgage which states in pertinent part;

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument... The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

8

mber: KC-2018-1191
Kent County Superior Court
d: 10/26/2018 10:51 AM
e: 1774105
r: Takesha L.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

19. Borrower's Right to Reinstate After Acceleration. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time *prior to the earliest of: (a) five days before* the sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of judgment enforcing this Security Instrument. Those *conditions* are that Borrower: (a) *pays Lender all sums which then would be due* under this Security Instrument and the Note *as if no acceleration had occurred*; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. *Upon reinstatement* by Borrower, this Security Instrument and *obligations* secured hereby *shall remain fully effective as if no acceleration had occurred*. However this right to reinstate shall not apply in the case of acceleration under Section 18."

(Emphasis Added).

9

umber: KC-2018-1191
Kent County Superior Court
ed: 10/26/2018 10:51 AM
e: 1774105
or: Takesha L.

34.    In Rhode Island, a contract containing an obligation of the Lender is construed as a condition precedent, which requires strict compliance.

35.    In Rhode Island, a mortgagee agreeing to abide certain obligations pursuant to the mortgage before acceleration, foreclosure, and sale, must adhere to those obligations, with the level of specificity as agreed.

36.    In Rhode Island, the power to sell by foreclosure sale is derived from the mortgage and statute, and strict compliance with the requirements of paragraphs 22 & 19 of the mortgage is an obligation of the mortgagee. Failure send proper Notice of Default pursuant to paragraphs 22 & 19 as noted herein is a breach of mortgage contract renders any acceleration, attempted foreclosure, and sale of the subject property void.

37.    Plaintiffs have alleged herein above that that prior to acceleration and prior to the foreclosure Defendants never sent and Plaintiffs never received notice in accordance with paragraph 22 of the mortgage, stating, "a) existence of default; b) the action required to cure the default; c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; d) that failure to cure the default on or before the date….may result in acceleration"; e) informing Plaintiffs of their "right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense"; and f) the conditions Plaintiffs are required to meet in order to exercise their right to reinstate the mortgage after acceleration pursuant to paragraph 19 of the Aubee Mortgage.  Therefore, no compliance with the terms of the mortgage which would have allowed the Defendants to exercise the statutory power of sale as indicated above.

38.    On January 31, 2010, Wells Fargo Bank, N.A. caused to be sent to Plaintiffs a purported "Notice of Default". Said notice failed to inform Plaintiffs with specificity of their "right to bring

10

umber: KC-2018-1191
Kent County Superior Court
ed: 10/26/2018 10:51 AM
e: 1774105
r: Takesha L.

a court action to assert the non-existence of a default or any other defense"; and the conditions Plaintiffs are required to meet in order to exercise their right to reinstate the mortgage after acceleration pursuant to paragraphs 19 & 22 of the Aubee Mortgage. (See: Exhibit 1).

39.     On March 7, 2010, Wells Fargo Bank, N.A. again caused to be sent to Plaintiffs another purported "Notice of Default". Said notice failed to inform Plaintiffs with specificity of their "right to bring a court action to assert the non-existence of a default or any other defense"; and the conditions Plaintiffs are required to meet in order to exercise their right to reinstate the mortgage after acceleration pursuant to paragraphs 19 & 22 of the Aubee Mortgage. (See: Exhibit 2).

40.     No default letter was sent to Plaintiffs pursuant to the terms of the mortgage. As such the Defendants could not exercise the statutory power of sale.

41.     Pursuant to the terms of the mortgage proper Notice of Default is a condition precedent to acceleration and the exercise of the statutory power of sale.

42.     Plaintiffs thus never received an acceleration notice pursuant to the terms of their mortgage.

43.     Due to this failure to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale, foreclose, and sell the subject property at mortgagee's foreclosure sale. These actions constituted a breach of contract, resulting in damages to the Plaintiffs.

44.     As a result of the above noted improper and invalid exercise of the statutory power of sale and purported foreclosure sale, Plaintiffs mortgage loan account was charged fees and costs and expenses for certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in their monthly mortgage statements.

umber: KC-2018-1191
Kent County Superior Court
ed: 10/26/2018 10:51 AM
)e: 1774105
er: Takesha L.

45.     The Plaintiffs have incurred damages in hiring an attorney, in regard to the improper actions of Defendants in sending a Notice of Foreclosure Sale and seeking to conduct a sale without first complying with the terms of the mortgage in breach of contract.

46.     Plaintiffs have also incurred emotional injuries and damages due to the improper foreclosure of the Aubee Mortgage and sale of their home without Defendants first complying with the terms of the mortgage in breach of contract.

47.     The Plaintiffs have incurred legal fees for the prosecution of this action as a result of Defendants breach of contract as noted herein.

48.     Plaintiffs have suffered harm and are threatened with additional harm from Defendants breach, including but not limited to loss of property interest, higher principle balance, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

49.     The Defendants breach of contract and failure to comply with terms of the mortgage as noted herein above, are the direct cause of the harms alleged herein and not Plaintiffs failure to make their mortgage payments.

48.     Therefore, Plaintiffs would not have suffered attempted foreclosure, sale, or the harms as noted herein were it not for the Defendants breach of the mortgage contract as noted herein.

49.     The Defendants failure to comply with the terms of the mortgage is a breach of contract. The foreclosure is therefore void.

50.     The Plaintiffs are entitled to a declaratory judgment determining that the acceleration of all sums due under the note, the foreclosure, and mortgagee's foreclosure sale of the subject property are in breach of contract and are all void.

12

umber: KC-2018-1191
Kent County Superior Court
ed: 10/26/2018 10:51 AM
e: 1774105
er: Takesha L.

51.     The Plaintiffs are entitled to an injunction preventing the transfer of the right, title, and interest in their property.

52.     The Plaintiffs are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

53.     Plaintiffs are entitled to be returned to their status and circumstances prior to the wrongful foreclosure and sale.

54.     Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

## COUNT II
## VIOLATION OF R.I.G.L. § 34-27-3.1

55.     Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

56.     Rhode Island law provides at § 34-27-3.1 that a mortgagee must advise a mortgagor of the availability of counseling through HUD-approved mortgage counseling agencies not less than 45 days prior to initiating foreclosure. Failure of the mortgagee to do so renders the foreclosure and sale void. R.I.G.L. § 34-27-3.1 states in pertinent part;

> (a) No less than forty-five (45) days prior to initiating any foreclosure of real estate pursuant to subsection 34-27-4(b), the mortgagee shall provide to an individual consumer mortgagor written notice of default and the mortgagee's right to foreclose by first class mail at the address of the real estate and, if different, at the address designated by the mortgagor by written notice to the mortgagee as the mortgagor's address for receipt of notices.

> (b) The written notice required by this section shall be in English and Spanish and, provided the same is then available, shall advise the mortgagor of the availability of counseling through HUD-approved mortgage counseling agencies and, the toll-free telephone number and website address maintained to provide information regarding no-cost HUD-approved mortgage

13

umber: KC-2018-1191
Kent County Superior Court
ed: 10/26/2018 10:51 AM
e: 1774105
r: Takesha L.

counseling agencies in Rhode Island. The written notice may also contain any other information required under federal law. A form of written notice meeting the requirements of this section shall be promulgated by the department of business regulation for use by mortgagees at least thirty (30) days prior to the effective date of this section. Counseling shall be provided at no cost to the mortgagee.

(c) Failure of the mortgagee to provide notice to the mortgagor as provided herein shall render the foreclosure void, without limitation of the right of the mortgagee thereafter to reexercise its power of sale or other means of foreclosure upon compliance with this section. The mortgagee shall include in the foreclosure deed an affidavit of compliance with this section.

57.    On November 14, 2017, Defendant Selene, acting on behalf of Wilmington, caused to be sent to Plaintiffs a Notice of Intent to Foreclose. Said notice failed to inform Plaintiffs of the availability of HUD-approved mortgage counseling agencies and, the toll free telephone number and website address maintained to provide information regarding no-cost HUD-approved mortgage counseling agencies in Rhode Island, in violation of R.I.G.L. § 34-27-3.1. (See: Exhibit 3).

58.    On April 20, 2018, Defendant Selene, acting on behalf of Wilmington, caused to be sent to Plaintiffs a Notice of Intent to Foreclose. Said notice failed to inform Plaintiffs of the availability of HUD-approved mortgage counseling agencies and, the toll free telephone number and website address maintained to provide information regarding no-cost HUD-approved mortgage counseling agencies in Rhode Island, in violation of R.I.G.L. § 34-27-3.1. (See: Exhibit 4).

59.    Plaintiffs allege that the November 14, 2017 and the April 20, 2018 notices failed to inform Plaintiffs of the availability of HUD-approved mortgage counseling agencies and, the toll free telephone number and website address maintained to provide information regarding no-cost

umber: KC-2018-1191
Kent County Superior Court
ed: 10/26/2018 10:51 AM
e: 1774105
ir: Takesha L.

HUD-approved mortgage counseling agencies in Rhode Island, in violation of R.I.G.L. § 34-27-3.1.

60.   Moreover, Plaintiffs allege that Defendants never sent and Plaintiffs never received any notice informing them of the availability of HUD-approved mortgage counseling agencies and, the toll free telephone number and website address maintained to provide information regarding no-cost HUD-approved mortgage counseling agencies in Rhode Island, 45 days prior to initiating foreclosure, in violation of R.I.G.L. § 34-27-3.1.

61.   Plaintiffs seeks a Declaratory Judgment that Defendants violated R.I.G.L. § 34-27-3.1, and that failure to provide Plaintiffs with proper notification pursuant to R.I.G.L. § 34-27-3.1 renders the June 18, 2018 foreclosure and sale void.

62.   The Plaintiffs are entitled to a declaratory judgment determining that the acceleration of all sums due under the note, the foreclosure, and mortgagee's foreclosure sale of the subject property are in violation of R.I.G.L. § 34-27-3.1 and thus are all void.

63.   The Plaintiffs are entitled to an injunction preventing the transfer of the right, title, and interest in their property.

64.   The Plaintiffs are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

65.   Plaintiffs are entitled to be returned to their status and circumstances prior to the wrongful foreclosure and sale.

66.   Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

15

umber: KC-2018-1191
Kent County Superior Court
ed: 10/26/2018 10:51 AM
)e: 1774105
er: Takesha L.

Dated: October 26th, 2018

Respectfully Submitted,
Plaintiffs, by their Attorney,
Todd S. Dion Esq.,


_/s/ Todd S. Dion_
Todd S. Dion Esq. (#6852)
15 Cottage Avenue, Ste 202
Quincy, MA 02169
401-965-4131 Cell
toddsdion@msn.com

16

U.S. POSTAGE PAID
RANDOLPH, MA
02368
AMOUNT
JAN 08 '19
1000
$7.83
R2305103040-3
77042-4546
UNITED STATES POSTAL SERVICE

7018 1130 0000 9911 7769

Select Finance LP
1990 Richmond Ave Ste 100
Houston TX 77042-4546

FROM:
CARR:   United States Postal Service
TRK#:   7018113000099117768
RCVD:   1/8/2019          1106

TO:     'mailroom, 'mailroom
PH:
BDG:    South
RM:
PCS:    1



9999000227522

RTE:
MSC: Mailroom
'mailroom, 'mailroom

