UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KEVIN G. AUBEE and<br>CARRIE A. AUBEE,<br>     Plaintiffs,<br><br>v.<br><br>SELENE FINANCE LP and<br>WILMINGTON SAVINGS FUND<br>SOCIETY, FSB D/B/A CHRISTIANA<br>TRUST, AS TRUSTEE FOR PRETIUM<br>MORTGAGE ACQUISITION TRUST,<br>     Defendants. | Civil Action No. 19-cv-00037-WES-PAS |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SELENE FINANCE
AND WILMINGTON SAVINGS TO DISMISS COMPLAINT**

IN THE ABOVE-CAPTIONED ACTION, Kevin G. Aubee and Carrie A. Aubee

(together, the "**Plaintiffs**") allege two (2) claims against the defendants.  However,

nowhere in their complaint do the Plaintiffs allege facts to support their claims.

Furthermore, one (1) claim alleges a violation of a Rhode Island state statute which was

repealed in 2014.  For these reasons, Selene Finance LP ("**Selene Finance**") and

Wilmington Savings Fund Society, FSB D/B/A Christiana Trust, as Trustee for Pretium

Mortgage Acquisition Trust ("**Wilmington Savings**") move pursuant to Fed. R. Civ. P.

12(b)(6) to dismiss the Plaintiffs' complaint.  In support of this motion, Selene Finance

and Wilmington Savings state as follows.

## Statement of Material Facts

1.      Plaintiffs are, on information and belief, Rhode Island citizens with a principal residence located at 16 Louise Ann Drive, Smithfield, Rhode Island (the "**Property**"). Complaint (as defined below), ¶ 5.

2.      Wilmington Savings is a subsidiary of Wilmington Savings Fund Society Financial Corporation, a financial services holding company headquartered in Wilmington, Delaware. Complaint, ¶ 7.

3.      Selene Finance is the loan servicer for the Note and Mortgage (as defined below) on behalf of Wilmington Savings. Complaint, ¶ 6.

### The Loan

4.      By quitclaim deed dated September 19, 2003, the Plaintiffs became record owners of the Property.  Complaint, ¶ 10.

5.      On January 26, 2005, the Plaintiffs executed a promissory note in favor of Domestic Bank (the "**Lender**") to borrow the sum of $359,650.00 (the "**Note**").  As security for their obligations under the Note, the Plaintiffs granted a mortgage on the Property in favor of Mortgage Electronic Registration Systems, Inc. as nominee for the Lender (the "**Mortgage**"). A copy of the Mortgage is attached hereto as **Exhibit A**.[1] Complaint, ¶ 11.

---

[1] Guided by the First Circuit, this Court can consider these documents in connection with this motion to dismiss — they are referenced in the complaint, are integral to the claims and are a matter of public record and their authenticity is undisputed. A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013); Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013); see Pimental v. Wells Fargo Bank, N.A., CA No. 14-cv-494S, 2015 U.S. Dist. LEXIS 120571, 2015 WL 5243325, at *4 (D.R.I. Sept. 4, 2015), adopted, 2016 U.S. Dist. LEXIS 1825, 2016 WL 70016 (D.R.I. Jan. 6, 2016) ("it is generally accepted that 'the Court . . . can take judicial notice of . . . the underlying mortgage documents'").

6.      The Mortgage was assigned to Wells Fargo Bank NA by an assignment of mortgage dated December 13, 2011.  The assignment of mortgage was recorded in the Smithfield Land Evidence Records in Book 824 at Page 129. Complaint, ¶ 15.

7.      The Mortgage was then assigned to Wilmington Savings by an assignment of mortgage dated April 20, 2016.  The assignment of mortgage was recorded in the Smithfield Land Evidence Records in Book 1056 at Page 308. Complaint, ¶ 18.

### The Bankruptcy Actions

8.      On May 11, 2015, Carrie A. Aubee ("**Ms. Aubee**") filed a Chapter 13 petition with the U.S. Bankruptcy Court for the District of Rhode Island (the "**Bankruptcy Court**"), case no. 15-10981.  On June 30, 2015, the Bankruptcy Court dismissed Ms. Aubee's Chapter 13 plan for failure to file information.

9.      On September 22, 2015, Ms. Aubee filed a second Chapter 13 petition with the Bankruptcy Court case no. 15-11826.  On November 29, 2016, the Bankruptcy Court dismissed Ms. Aubee's case after denying confirmation of the Chapter 13 Plan.

### The Foreclosure Action

10.     On June 18, 2018, the Property was sold at a foreclosure sale pursuant to R.I.G.L. § 34-11-22 under a power of sale contained in the Mortgage.  Title under the sale has been duly perfected as evidenced by a foreclosure deed (the "**Foreclosure Deed**") recorded on October 9, 2018 in the Smithfield Land Evidence Records in Book 1184 at Page 147. A certified copy of the Foreclosure Deed is attached hereto as **Exhibit B**.

11.     Wilmington Savings is the owner of the Property.  Complaint, ¶ 61.

3

**The Complaint**

12.     On October 26, 2018, the Plaintiffs filed a complaint (the "**Complaint**")

with the Superior Court (Providence) for the State of Rhode Island (the "**State Court**"),

commencing the above-captioned action.

13.     In the Complaint, the Plaintiffs seek *inter alia* an order that they "be

returned to their status and circumstances" prior to the foreclosure. Complaint, ¶ 65.

14.     On January 28, 2019, the Defendants removed the above-captioned action

from State Court to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

**Conclusions of Law**

15.     For the following reasons, this Court should dismiss the Plaintiffs alleged

claims against Selene Finance and Wilmington Savings.

**Standard for Dismissal under Rule 12(b)(6)**

16.     As required by Fed. R. Civ. P. 12(b)(6), a complaint must give the

defendant fair notice of what the claim is and the grounds on which it rests and allege a

plausible entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.

Ed. 2d 868 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 559, 127 S. Ct. 1955, 167

L. Ed. 2d 929 (2007).  The plausibility inquiry requires the court to distinguish "the

complaint's factual allegations (which must be accepted as true) from its conclusory

legal allegations (which need not be credited)." Morales-Cruz v. Univ. of P.R., 676 F.3d

220, 224 (1st Cir. 2012).  The Court must then determine whether the factual allegations

are sufficient to support "the reasonable inference that the defendant is liable for the

misconduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (quoting

4

Iqbal, 556 U.S. at 678).  The complaint should not be read "too mechanically"; rather, it should be considered as a whole, along with a heavy dose of common sense. Rodríguez-Vives v. P.R. Firefighters Corps of P.R., 743 F.3d 278, 283 (1st Cir. 2014).  All well-pled facts must be taken as true and all reasonable inferences drawn in the plaintiff's favor. Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014).  Consistent with Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), federal courts must apply the Twombly/Iqbal standard even in cases where state law controls the substantive claims.  This includes cases like this one that were removed from state court. Reilly v. Cox Enters., C.A. No. 13-785S, 2014 U.S. Dist. LEXIS 128452, 2014 WL 4473772, at *3 (D.R.I. Apr. 16, 2014).

### The Claim of Breach of Contract Should Be Dismissed

17.     This Court should dismiss the Plaintiffs' claim of breach of contract because the Plaintiffs fail to allege a *prima facie* case for the claim.  For a valid contract, Rhode Island law requires "competent parties, subject matter, a legal consideration, mutuality of agreement, and mutuality of obligation." DeAngelis v. DeAngelis, 923 A.2d 1274, 1279 (R.I. 2007) (citing R.I. Five v. Med. Assocs. of Bristol Cty., Inc., 668 A.2d 1250, 1253 (R.I. 1996)).  The Rhode Island Supreme Court has stated that "the right to exercise the power of sale in a mortgage is derived from contract, not statute," and that the power of sale "does not exist independently" from the mortgage agreement. Bucci v. Lehman Bros. Bank, FSB, 68 A.3d 1069, 1084, 1085 (R.I. 2013).  Simply put, if a mortgagee agrees to give a certain notice before a foreclosure, it does not matter whether it is a judicial or non-judicial foreclosure.  Martins v. Federal Hous. Fin.

Agency, 214 F. Supp. 3d 163 (D.R.I. 2016).  The mortgagee must do that which it agreed.

Id.  In Rhode Island, if a contract contains a notice requirement, then a court construes

that notice requirement as a condition precedent, which requires strict compliance.

Cinq-Mars v. Travelers Ins. Co., 100 R.I. 603, 218 A.2d 467, 471 (R.I. 1966) (requirement

of written notice for a claim by the insured is a "condition precedent to the insurer's

liability"); Ins. Co. of N. Am. v. Kayser-Roth Corp., No. C.A. PC 92-5248, 1999 R.I.

Super. LEXIS 66, 1999 WL 81366, at *22 (R.I. Super. July 29, 1999) (stating that notice

requirements are a condition precedent in insurance contracts); Dyer v. Ryder Student

Transp. Servs., Inc., No. 98-4489, 1999 R.I. Super. LEXIS 46, 1999 WL 395417, at *2 (R.I.

Super. June 7, 1999) ("[i]f notice by a tenant is not given to a landlord in accordance with

the terms of the lease, the right to renew has been lost or has lapsed . . .").  Paragraph 22

of the Mortgage is a condition precedent, which requires strict compliance, when a

mortgagee seeks acceleration and foreclosure. In re Demers, 511 B.R. 233, 238-239

(Bankr. D.R.I. 2014) (holding that a notice omitting a borrower's right to go to court to

contest acceleration was fatal, and that even if notice to go to court was ambiguously

provided, that ambiguity must be construed against the drafter).  In real estate

contracts, when required notice fails to specify particular dates, inform the borrower of

his or her right to reinstate a loan after acceleration, or inform the borrower of the

ability to bring a court action to contest acceleration or foreclosure, that notice is

insufficient. In re Demers, 511 B.R. at 239; Hedco, Ltd. v. Blanchette, 763 A.2d 639, 642,

643 (R.I. 2000) (failing to specify the termination date in a lease by providing the exact

date by which tenant could pay was fatal to required notice); see also 55 Am. Jur. 2d

Mortgages § 539 ("[b]ecause . . . power to sell . . . by foreclosure sale is derived from the deed of trust and statute, strict compliance with the notice requirements is considered a prerequisite . . . and noncompliance with these requirements can render a foreclosure sale void").  In this action, the Plaintiffs make three (3) allegations: that Selene Finance[2] and Wilmington Savings never sent a notice of default and intent to accelerate in accordance with paragraph 22 of the Mortgage, that Plaintiffs never received a notice of default and intent to accelerate, and that the language contained in the notice of default and intent to accelerate failed to comply with paragraphs 19 and 22 of the Mortgage. Complaint, ¶¶ 37, 40.  Paragraph 22 of the Mortgage states that

> "the notice shall specify (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.  The Notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale."

---

[2] The Complaint does not specify which Defendant is liable for which count.  Therefore, the Defendants will proceed under the assumption Selene Finance and Wilmington Savings are named defendants in both Count One and Count Two of the Complaint.  However, Count One should be dismissed as to Selene Finance because, as a general principle, a mortgage servicer is not a party to a mortgage contract. See Dill v. Am. Home Mortg. Servicing, Inc., 935 F. Supp. 2d 299, 303 (D. Mass. 2013); Mudge v. Bank of Am., N.A., Civil No. 13-cv-421, 2015 U.S. Dist. LEXIS 39513, 2015 WL 1387476, at *5 (D.N.H. Mar. 25, 2015); Ayoub v. CitiMortgage, Inc., Civil Action No. 15-CV-13218—=-ADB, 2018 WL 1318919, [*294] at *7 (D. Mass. Mar. 14, 2018); James v. GMAC Mortg. LLC, 772 F. Supp. 2d 307, 315 (D. Me. 2011); see also Moore v. Mortg. Elec. Reg. Sys., Inc., 848 F. Supp. 2d 107, 127 (D.N.H. 2012); Phone v. John Doe Corp., No. CA 10-211S, 2012 U.S. Dist. LEXIS 184235, 2012 WL 6840496, at *3 (D.R.I. Nov. 19, 2012) (collecting cases); Mazzei v. The Money Store, 308 F.R.D. 92, 110 (S.D.N.Y. 2015) ("[a] significant majority of courts have concluded that loan servicers are not in privity of contract with mortgagors where the servicers did not sign a contract with the mortgagors or expressly assume liability").

Mortgage, ¶ 22.  In this case, the April 3, 2017 notice of default sent to Kevin G. Aubee and Carrie A. Aubee strictly complies with paragraph 22 of the Mortgage. <u>Affidavit of Compliance</u>, ¶ 3.  Copies of the <u>Notice of Default and Intent to Accelerate</u> sent by first-class and certified mail are attached hereto as **<u>Exhibit C</u>** and **<u>Exhibit D</u>**, respectively.  Furthermore, Plaintiffs misconstrue the standard of paragraph 22.  Paragraph 22 does not require that the Plaintiffs receive the required notice but rather, paragraph 22 dictates that the "lender shall give notice to Borrower…". <u>Mortgage</u>, ¶ 22.  Additionally, paragraph 15 of the of the Mortgage states "any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means." <u>Mortgage</u>, ¶ 15.  Finally, the <u>Notice of Default and Intent to Accelerate</u> is in strict compliance with paragraph 22 of the Mortgage because it provides the Plaintiffs with the four (4) pieces of information required by that paragraph, to wit:

a.)   THE DEFAULT.  "The mortgage loan associated with the Security Instrument is in default for failure to pay the amounts that came due on 01/01/209 and all subsequent payments."

b.)   HOW TO CURE THE DEFAULT.  "To cure this default, you must pay all amounts due under the terms of your Note and Security Instrument."

c.)   THE DEADLINE TO CURE THE DEFAULT.  "The total amount you must pay to cure the default stated above must be received by 05/08/2017."

d.)   THE CONSEQUENCES OF FAILING TO CURE.  "Failure to cure the default on or before the date specified may result in acceleration of the

sums secured by the Security Instrument, sale of the property and/or

foreclosure by judicial proceeding and sale of the property."

e.)     THE RIGHT TO REINSTATE/RIGHT TO BRING COURT ACTION.

"You have the right to reinstate after acceleration and the right to assert in

the foreclosure proceeding the non-existence of a default and/or the right

to bring a court action to assert the non-existence of a default or any other

defense to acceleration, foreclosure and/or sale of the property."

Notice of Default and Intent to Accelerate, pp. 1-2.  Since the Notice of Default and

Intent to Accelerate complies with paragraph 22 of the Mortgage there has been no

breach of paragraph 19 of the Mortgage. Notice of Default and Intent to Accelerate, p. 1.

Furthermore, contrary to the Plaintiffs' contention, paragraph 19 of the Mortgage does

not require notice.  Because the Notice of Default and Intent to Accelerate complies with

paragraph 22 of the Mortgage, the Court should dismiss the Plaintiffs' claim against

Selene Finance and Wilmington Savings for "breach of contract."

**The Claim of Violation of R.I.G.L. § 34-27-3.1 Should Be Dismissed**

18.     This Court should dismiss the Plaintiffs' claim for violation of R.I.G.L. §

34-27-3.1 because the law has been repealed.  Public Law 2014, ch. 543, § 2 repealed §

34-27-3.1. See P.L. 2014, ch. 543, § 2 ("Section 34-27-3.1 of the General Laws in Chapter

34-27 entitled 'Mortgage Foreclosure and Sale' is hereby repealed").  See also Fontaine v.

US Bank Nat'l Ass'n, Nos. PC 2015-0216, PC 2015-0777, PC 2014-6141, PC 2014-6140, PC

2015-1043, PC 2015-0126, 2015 R.I. Super. LEXIS 67 (Super. Ct. May 15, 2015).

Nevertheless, the Notice of Default and Intent to Accelerate complies with R.I.G.L. § 34-

27-3.1.  Prior to its repeal, <u>R.I.G.L. § 34-27-3.1(b)</u> stated that "the written notice required by this section…, shall advise the mortgagor of the availability of counseling through HUD-approved mortgage counseling agencies and, the toll-free telephone number and website address maintained to provide information regarding no-cost HUD-approved mortgage counseling agencies in Rhode Island." <u>R.I.G.L. § 34-27-3.1(b)</u>.  In this case, the Plaintiffs' allege that Selene Finance violated <u>R.I.G.L. § 34-27-3.1(b)</u> by failing "to inform Plaintiffs of the availability of HUD-approved mortgage counseling agencies and, the toll free telephone number and website address maintained to provide information regarding no-cost HUD-approved mortgage counseling agencies in Rhode Island."

<u>Complaint</u>, ¶ 58.  The <u>Notice of Default and Intent to Accelerate</u> states as follows:

> "[f]or your benefit and assistance, there are government approved homeownership counseling agencies designed to help homeowners avoid losing their homes.  To obtain a list of approved counseling agencies, please call (800) 569-4287 or visit <u>http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm</u>.  You may also contact the Homeownership Preservation Foundation's Hope hotline at (888) 995-HOPE (4673)."

<u>Notice of Default and Intent to Accelerate</u>, p. 2.  Because <u>R.I.G.L. § 34-27-3.1</u> was repealed by <u>P.L. 2014, ch. 543, § 2</u> and because the <u>Notice of Default and Intent to Accelerate</u> nevertheless complies with <u>R.I.G.L. § 34-27-3.1</u>, the Court should dismiss the Plaintiffs' claim against Selene Finance and Wilmington Savings.

### No Need for Hearing

19.    Pursuant to Local Rule 7(c), counsel for Defendants states that there is no need for oral argument.

WHEREFORE, Selene Finance and Wilmington Savings respectfully request that this Court enter an order:

1. Dismissing Plaintiffs' claim for breach of contract;

2. Dismissing Plaintiffs' claim for violation of R.I.G.L. § 34-27-3.1; and

3. Granting Selene Finance and Wilmington Savings such other and further relief as is just and proper.

Respectfully submitted,

SELENE FINANCE LP and
WILMINGTON SAVINGS FUND
SOCIETY, FSB D/B/A CHRISTIANA
TRUST, AS TRUSTEE FOR PRETIUM
MORTGAGE ACQUISITION TRUST,

By their attorney,

*/s/ Lauren M. Bucci, Esq*
Lauren Bucci, Esq. (RI Bar No. 9572)
Sassoon & Cymrot, LLP
84 State Street
Boston, MA 02109
(617) 720-0099
LBucci@SassoonCymrot.com

DATE: April 5, 2019