# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

_____
                                            )
KEVIN G. AUBEE, CARRIE A. AUBEE,            )
                                            )
    *Plaintiffs,*                              )
                                            )
  vs.                                       )   C.A. #  19-00037
                                            )
                                            )
SELENE FINANCE, LP,                         )
WILMINGTON SAVINGS FUND SOCIETY,            )
FSB D/B/A CHRISTIANA TRUST, AS              )
TRUSTEE FOR PRETIUM MORTGAGE                )
ACQUISITION TRUST,                          )
                                            )
    *Defendants.*                              )
_____)

## PLAINTIFF'S OBJECTION TO DEFENDANT'S
## MOTION TO DISMISS WITH MEMORANDUM OF LAW

Now comes the Plaintiffs, Kevin G. Aubee and Carrie A. Aubee, with this Objection to Defendants' Motion to Dismiss Count I of the Plaintiff's Complaint.  As grounds therefore, Plaintiffs state that the claims are valid due to the fact that the notices alleged within the four corners of the complaint as well as the additional notice Defendants are attempting to introduce in their motion to dismiss fail to properly inform the Plaintiffs of their "right to reinstate after acceleration and right to bring a court action" in accordance with paragraph 22 of their mortgage. Furthermore, the purported default letter the Defendants are claiming they sent to the Plaintiffs and attached as Exhibits C and D of Defendants' Motion to Dismiss contain a material misleading and "potentially deceptive" statement that Plaintiffs have "the right to assert *in the foreclosure proceeding* the non-existence of a default" when no such foreclosure proceeding exists under Rhode Island law where Plaintiffs would have such right to assert the non-existence

of a default. As to Count II of the Complaint, upon review of the arguments set forth in the Defendants' Motion to Dismiss Plaintiffs hereby voluntary dismiss Count II of the Complaint.

## FACTUAL BACKGROUND

Plaintiffs, Kevin G. Aubee and Carrie A. Aubee, are citizens of Rhode Island residing at, and are the rightful owners of 16 Louise Ann Drive, Smithfield, RI 02917 which is the "subject property" referenced herein. On September 19, 2003, Plaintiffs were conveyed the subject property. The Deed granting the property to Plaintiffs was recorded in the Town of Smithfield Clerk's Office Land Evidence Records in Book 398, at page 234 on September 25, 2003. On January 26, 2005, Plaintiffs executed a promissory note and mortgage deed in the sum of Three Hundred Fifty-Nine Thousand Six Hundred Fifty Dollars ($359,650.00) in favor of Domestic Bank, as lender and Mortgage Electronic Registration Systems, Inc. (MERS) as mortgagee. ("Aubee Mortgage/Note"). The Aubee Mortgage was recorded in the Town of Smithfield Clerk's Office Land Evidence Records in Book 453, at page 254.

The Aubee Mortgage states at paragraph 22 as follows;

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

On July 24, 2009, MERS purportedly assigned the subject mortgage to Wells Fargo Bank, N.A. Said purported "Assignment of Mortgage" was recorded in the Town of Smithfield Clerk's Office Land Evidence Records in Book 699 Page 283 on July 28, 2009. On December 13, 2011, MERS again purportedly assigned the subject mortgage to Wells Fargo Bank, N.A. Said purported "Assignment of Mortgage" was recorded in the Town of Smithfield Clerk's Office Land Evidence Records in Book 824 Page 129 on December 15, 2011.

On January 31, 2010, Wells Fargo Bank, N.A. caused to be sent to Plaintiffs a purported "Notice of Default". Said notice failed to inform Plaintiffs with specificity of their "right to bring a court action to assert the non-existence of a default or any other defense"; and the conditions Plaintiffs are required to meet in order to exercise their right to reinstate the mortgage after acceleration pursuant to paragraphs 19 & 22 of the Aubee Mortgage. (See: Exhibit 1). On March 7, 2010, Wells Fargo Bank, N.A. again caused to be sent to Plaintiffs another purported "Notice of Default". Said notice failed to inform Plaintiffs with specificity of their "right to bring a court action to assert the non-existence of a default or any other defense"; and the conditions Plaintiffs are required to meet in order to exercise their right to reinstate the mortgage after acceleration pursuant to paragraphs 19 & 22 of the Aubee Mortgage. (See: Exhibit 2).

On April 20, 2016, Wells Fargo Bank, N.A. purportedly assigned the subject mortgage to Wilmington Savings Fund Society, FSB d/b/a/ Christiana Trust as trustee for Pretium Mortgage

3

Acquisition Trust. Said purported "Assignment of Mortgage" was recorded in the Town of Smithfield Clerk's Office Land Evidence Records in Book 1056 Page 308 on June 30, 2016. Defendants purportedly foreclosed the Aubee Mortgage and sold the property at mortgagee's foreclosure sale on June 18, 2018.

Plaintiffs herein allege that prior to acceleration and prior to the foreclosure Defendants never sent and Plaintiffs never received notice in accordance with paragraph 22 of the mortgage, stating, "a) existence of default; b) the action required to cure the default; c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; d) that failure to cure the default on or before the date….may result in acceleration"; e) informing Plaintiffs, with specificity, of their "right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense".  As such, the Defendants failed to provide Plaintiffs proper Notice of Default in breach of the Aubee Mortgage contract. Therefore, the foreclosure and sale are void.

## STANDARD OF REVIEW

The Federal Courts, when reviewing a Rule 12 Motion, have consistently held that it must take all allegations pled in the Plaintiffs' Complaint as true.  The Plaintiffs have set forth a multitude of facts that if taken as true, satisfy the dictates of Federal Rule 12.  In light of the United States Supreme Court's holding in Ashcroft v. Iqbal, 129 S.Ct 1937, 1951 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); this complaint, when viewed by the Court, with all factual assertions being taken as true, "plausibly suggest an entitlement to relief." Id. at 1950.  Further a dismissal of a complaint is disfavored and should only be granted in extraordinary cases.  "A court ruling on a motion to dismiss construes the complaint in the light

most favorable to the Plaintiff, taking all well-pleaded allegations as true and giving Plaintiff the benefit of all reasonable inferences.  See Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998).

## ARGUMENT

Defendants were not entitled to foreclose because they did not comply with paragraph 22 of the Mortgage.  It has become standard foreclosure law throughout Rhode Island and the First Circuit that in order to properly exercise the power of sale, a mortgagee and its servicer must strictly follow the terms of the Mortgage contract.  In paragraph 22 of the Mortgage, Defendants agreed to not accelerate or foreclose prior to sending a required Default Notice that included informing the Plaintiffs that they had "the right to reinstate after acceleration and a right to bring a court action to assert the non-existence of a default".  The Plaintiffs aver that stating that they had "the right to assert *in the foreclosure proceeding* the non-existence of a default" in the purported Default Notice fails to strictly comply with this notice requirement because such words imply that there would be a "foreclosure proceeding" in which they would have "the right to assert . . . the non-existence of a default" when no such right exists under the Rhode Island Statutory Power of Sale.

Rhode Island courts have required strict compliance with the terms of the mortgage when exercising the power of sale.  "The power to sell under a mortgage or deed of trust is a matter of contract between the mortgagor and mortgagee under the conditions expressed in the instrument, and does not exist independently of it."  Bucci v. Lehman Bros. Bank, 68 A.3d 1069, 1084-1085 (R.I. 2013) quoting 55 Am. Jur. 2d Mortgages § 472 at 202 (2009).  A notice of foreclosure sale "must comply with both the statutory requirements, as well as requirements set forth in the mortgage instrument . . . . [A] foreclosing mortgagee's failure to comply with certain notice requirements contained in the Mortgage and in the pertinent state statute will invalidate a

foreclosure sale." USA Residential Properties, LLC v. Dilibero, C.A. No. KD 2013-0174, at *6 n.2 (April 3, 2013; Rubine, J.), citing 55 Am. Jur. 2d Mortgages § 508, 511 & n.3 (2009).

The Rhode Island Supreme Court has interpreted mortgage related terms in a similar fashion as the Supreme Judicial Court of Massachusetts, and often looks to Massachusetts law when necessary to resolve mortgage foreclosure issues.  See, e.g., Cruz v. Mortg. Elec. Registration Sys., 108 A.3d 992 (R.I. 2015) (relying on cases from United States Court of Appeals for the first Circuit that originated in Massachusetts and applied Massachusetts law); Bucci v. Lehman Bros. Bank, 68 A.3d 1069, 1086-87 (R.I. 2013) (reviewing foreclosure-related Massachusetts statutes and cases).  Thus, the decisions of the Supreme Judicial Court of Massachusetts should be given great weight when interpreting the requirements of paragraph 22 of the Mortgage in this case.  In Pinti v. Emigrant Mort. Co., 472 Mass. 226 (2015), the Massachusetts Supreme Judicial Court invalidated a foreclosure that occurred years earlier even as against a third party purchaser for failure to strictly adhere to a default notice requirement contained in the mortgage.  The Pinti Court held that terms of a mortgage relating to a mortgagee's exercise of the power of sale "must be strictly complied with" (See 472 Mass. At 240),

The United States Court for the District of Rhode Island has followed the logic and reasoning of Pinti by invalidating a foreclosure for a similar reason in the case of Delinda Martins v. Federal Housing Finance Agency, et al. (1:15-cv-00235-M-LDA October 11, 2016). The Martins the Court reasoned that paragraph 22 is a "condition precedent" to acceleration and the power of sale contained in the mortgage that expressly preconditioned acceleration and foreclosure on compliance with Paragraph 22.  Furthermore, the Martins decision set forth that "in real estate contracts, when required notice fails to *specify particular dates*, inform the

6

borrower of his or her right to reinstate a loan after acceleration . . . that notice is insufficient" (emphasis added) (citing In Re Demers, 511 B.R. at 239; Hedco, Ltd. V. Blanchette, 763 A.2d 639, 642, 643 (R.I. 2000) (failing to specify the termination date in a lease by providing the exact date by which tenant could pay was fatal to required notice); see also 55 Am. Jur. 2d Mortgages § 539 ("Because . . . power to sell . . . by foreclosure sale is derived from the deed of trust and statute, strict compliance with the notice requirements is considered a prerequisite . . . and non compliance with these requirements can render a foreclosure sale void.").

The Aubee Mortgage states at paragraph 22, in pertinent part as follows:

> The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.

The Defendants now present a purported "Notice of Default and Intent to Accelerate" attached as Exhibits C and D of Defendants' Motion to Dismiss in which Defendant Selene purportedly sent Plaintiffs which states in pertinent part:

> "You have the right to reinstate after acceleration and the right to assert *in the foreclosure proceeding* the non-existence of a default and/ or the right to bring a court action to assert the non-existence of a default or any other defense to acceleration, foreclosure and/or sale of the property.". (Emphasis added)

Selene's default notice in this case incorrectly limits the time in which the Plaintiff could "assert . . . the non-existence of a default" by stating that it could be asserted "*in the foreclosure proceeding*" when no such procedure under the Rhode Island Statutory Power of Sale exists. Therefore, the notice is "potentially misleading" because it suggests that the Plaintiffs could wait for a "foreclosure proceeding" to assert the non-existence of a default that will never occur. (see Thompson v. JP Morgan Chase, 18-1559, 2019 WL 493164 (1st Cir. Feb. 8, 2019) and Martins v.

7

Federal Housing Finance Agency, et al. (1:15-cv-00235-M-LDA J. McConnell, D.R.I. October 11, 2016).

In a case that is substantially similar to this one the Rhode Island Bankruptcy Court held that a paragraph 22 default notice with similar language as the language of the notice in this case failed to strictly comply with paragraph 22 of the mortgage. In Re Demers, 511 BR 233 (D. R.I. 2014). In Demers Judge Diane Finkle held that a default notice did comply with paragraph 22 of the mortgage where the notice stated "if foreclosure is initiated, you have the right to argue that you did keep your promises and agreements under the Mortgage". Likewise in this case the notice Defendants present as Exhibits C and D of their motion to dismiss state that Plaintiff have a right to assert the non-existence of a default "*in the foreclosure proceeding*". Therefore, as in Demers, the notices in this case fail to strictly comply with paragraph 22 of the mortgage and the foreclosure should be invalidated. (Thompson v. JP Morgan Chase, 18-1559, 2019 WL 493164 (1st Cir. Feb. 8, 2019)

The fact that the notices presented as Exhibits C and D of Defendants' motion to dismiss also states that the Plaintiffs have a "right to bring a court action" is not relevant because the notice implies that the Plaintiffs have an option to assert the non-existence of a default "*in the foreclosure proceeding*". The notice states "You have . . . the right to assert *in the foreclosure proceeding* the non-existence of a default *and/or* the right to bring a court action". (emphasis added). The fact that the notice states "and/or" implies that the Plaintiffs will have an option to wait for a "*foreclosure proceeding*" where they will have an opportunity to assert the non-existence of a default when no such opportunity exists under any proceeding under the Rhode Island Statutory Power of Sale pursuant to R.I.G.L. 34-11-22, R.I.G.L. 34-27-4 or § 34-27-3.2 which all do not provide for any right to assert the non-existence of a default. Selene's default letter

8

unnecessarily limits the time in which the Plaintiff could "assert the non-existence of a default" by setting a condition precedent that paragraph 22 does not contemplate. The language of paragraph 22 of the mortgage does not state that the Plaintiffs could "assert the non-existence of a default" "*in the foreclosure proceeding* ". The language of paragraph 22 of the mortgage states that the Plaintiffs can "bring a court action to assert the non-existence of a default" rather than wait for a foreclosure proceeding.

A default is a separate event than a foreclosure that must occur prior to the mortgagee invoking the statutory power of sale. Paragraph 22 of the mortgage establishes that when a default occurs the Plaintiff must be notified of the default and have at least 30 days to cure the default before the mortgage can be accelerated and the Defendants can initiate a non-judicial foreclosure by invoking the statutory power of sale. According to the above language in paragraph 22 of the mortgage the Defendants could not initiate a non-judicial foreclosure by invoking the power of sale until at least 30 days after a default occurred. However, if the Plaintiffs were to follow the language in Selene's default notice the Plaintiffs would not be able to "assert the non-existence of a default" during the minimum 30-day period between the default and the invoking of the statutory power of sale because the Selene Default notice says the Plaintiffs can bring a court action "*in the foreclosure proceeding*". Therefore, Selene's default notice fails to strictly comply with paragraph 22 of the mortgage because it unnecessarily limits the time in which the Plaintiffs could assert the non-existence of a default by at least 30 days.

The Plaintiffs set forth that their Complaint clearly establishes a failure to strictly comply with paragraph 22 of the mortgage because, contrary to paragraph 22 of the mortgage which states that the Plaintiff could "bring a court action to assert the non-existence of a default", the default notice sent by Selene limits the time in which the Plaintiffs can assert the non existence

of a default until after the Defendant invoked the statutory power of sale. Therefore, the Plaintiffs' claim for breach of contract is plausible and establishes a validly alleged claim.

## CONCLUSION

This case derives from the mortgage contract itself and the Defendant's breach of that mortgage contract. Bucci v. Lehman Bros. Bank, FSB, 68 A.2d 1069, 1084, 1085 (R.I. 2013) Pinti v. Emigrant Mortgage Company, Inc., 472 Mass 226, 232 (Mass. 2015). The Plaintiffs' complaint sets forth the following: In Rhode Island the Power of Sale derives from the mortgage contract. Bucci v. Lehman Bros. Bank, 68 A.3d 1069, 1084-1085 (R.I. 2013). Furthermore, the terms of a mortgage contract must be strictly adhered to in order to invoke the Statutory Power of Sale. The Defendants breached the mortgage contract by conditioning the assertion of the non-existence of a default on a "foreclosure proceeding" when such foreclosure proceedings do not provide for such a right. The appropriate elements of the Plaintiffs' breach of terms of the mortgage contract under the Statutory Power of Sale claim have been established when viewing the complaint in the light most favorable to the Plaintiffs. Therefore, the Defendants' motion to dismiss must be denied.

Dated: April 15th, 2019

Respectfully Submitted,
Plaintiffs,
By their Attorney,

/s/ Todd S. Dion
Todd S. Dion, Esq. (#6852)
681 Park Avenue, Ste 202
Cranston, RI 02910
Telephone: 401-965-4131
Facsimile: 401-270-2202
toddsdion@msn.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 15th, 2019.

      /s/ Todd S. Dion_____