## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KEVIN G. AUBEE, CARRIE A. AUBEE, | ) |
| | ) |
| *Plaintiffs,* | ) C.A. NO.  1:19-CV-00037-WES-PAS |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| SELENE FINANCE, LP, | ) |
| WILMINGTON SAVINGS FUND SOCIETY, | ) |
| FSB D/B/A CHRISTIANA TRUST, AS | ) |
| TRUSTEE FOR PRETIUM MORTGAGE | ) |
| ACQUISITION TRUST, | ) |
| | ) |
| *Defendants.* | ) |

### PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS

Plaintiffs hereby object to several aspects of the Report and Recommendation issued by this Court granting dismissal to the Defendants on December 27, 2018 for several reasons. Plaintiffs' counsel first wishes to clarify an unintentional misstatement found in his written Opposition regarding the existence of judicial foreclosure in Rhode Island.  Magistrate Sullivan pointed out in her Report and Recommendation that Plaintiffs' written Opposition stated that no such law exists "in the foreclosure proceeding" with regard to the Plaintiffs' opportunity to assert the non-existence of a default or any other defense to acceleration and foreclosure.  In addition to judicial foreclosure, however, the phrase "foreclosure proceeding" could also be construed as referring to invoking the Statutory Power of Sale and the subsequent auction as a so-called "proceeding".  Particularly since the Defendants' Default Notice failed to specifically refer to the "foreclosure proceeding" as a "*judicial* foreclosure proceeding", the process of the Statutory Power of Sale and subsequent auction could very well be construed as a "foreclosure proceeding" to the

layman Plaintiffs.  This was indeed argued by Plaintiffs' counsel and acknowledged by Magistrate Sullivan during oral argument and Plaintiffs' counsel wishes to clarify that in accordance with the Rhode Island Statutory Power of Sale there is no procedure by which the Plaintiffs could assert the non-existence of a default or any other defense under the Rhode Island Statutory Power of Sale procedure.  Plaintiffs' counsel apologizes to the Court for this confusion and further clarifies that these statements were not intended to ignore or misrepresent the law but to stress the fact that the Rhode Island Statutory Power of Sale as the "proceeding" the Defendants chose to invoke in this case does not provide a mechanism by which the Plaintiffs could assert the non-existence of a default or present defenses.  Nevertheless, as stated by Judge McConnell in the Martins case, strict compliance with Paragraph 22 in the subject Mortgage is still required as a condition precedent to acceleration and foreclosure regardless of whether or not the foreclosure is conducted judicially or non-judicially.  Martins v. Fed. Hous. Fin. Agency, et al., 214 F.Supp.3d 163, 169 (2016)

The Plaintiffs' next take issue with the Magistrate's contentions seemingly downplaying the impact of the Massachusetts Supreme Judicial Court's application of strict compliance for Paragraph 22 Notices in Pinti v. Emigrant Mortg. Co., 33 N.E.3d 1213 (Mass. 2015).  In support of the Magistrate's contention that "Rhode Island jurists have not relied on Pinti" the Magistrate cites the case of Citibank v. Caito, C.A. No. 18-427-JJM-LDA, 2019 WL 6896309, which fails to even mention Pinti.  Rather, the Caito decision concerned the defendant in that case's failed attempt to rely on the First Circuit's decision in Thompson v. JP Morgan Chase Bank, N.A., 915 F.3d 801 (1st Cir. 2019) which concerned the inclusion of a "potentially deceptive" statement in a Paragraph 22 Notice that was required to be included in a Right to Cure Notice pursuant M.G.L. c. 244 §35A.  Rightly so the Court in Caito concluded that Thompson concerned issues and interpretations unique to Massachusetts law that are not relevant to Paragraph 22 under Rhode

Island law.  This is not the case in <u>Pinti</u> and Plaintiffs aver that Pinti is highly relevant since Rhode Island has followed the similar if not identical tenant that Paragraph 22 Notices and other notices require "strict compliance" with the Mortgage document in order to validly accelerate the mortgage and foreclose.  See  <u>Martins v. Fed. Hous. Fin. Agency, et al</u>., 214 F.Supp.3d 163, 169 (2016) (quoting <u>Bucci v. Lehman Bros. Bank, FSB</u>, 68 A.3d 1069, 1084-85 (R.I. 2013); <u>In re Demurs</u>, 511 B.R. 233 (Bankr. D.R.I. 2014); <u>Dan-Harry v. PNC Bank, N.A</u>., C.A. No. 17-136 WES, 2018 WL 1083581 (D.R.I. Feb. 27, 2018).

Furthermore, contrary to the Magistrate's contention that <u>Pinti</u> has not been followed outside of Massachusetts other than Alabama, a cursory review of cases throughout the country indicate that the standard of strict compliance regarding default and foreclosure notices pursuant to mortgage contracts is certainly not a controversial or rare concept and is indeed the standard that this Court has chosen to follow when evaluating Paragraph 22 Notices.  Plaintiffs' review of case law throughout the country revealed that with the exception of Florida and Ohio many states, including Illinois, Minnesota, Alabama, Hawaii, Massachusetts and Rhode Island, follow the concept that mortgage terms, especially condition precedent Notices such as Paragraph 22, must "strictly comply" with the mortgage in order to validly foreclose.  [See <u>Bank of America, N.A. v. Reyes-Toledo</u>, 139 Hawaii 361,367, 390 P.3d 1248, 1254 (2017); <u>Ex Parte Turner</u>, 254 So. 3d 207 (Ala. 2017); <u>Cathay Bank v. Accetturo</u>, 2016 IL App (1st)152783(2016); <u>Ruiz v. 1st Fed. Loan Servicing, LLC</u>, 829 N.W.2d 53 (Minn. 2013)].  Moreover, the standard of strict compliance for Paragraph 22 Notices has been significantly more defined and developed in Massachusetts than any other jurisdiction following the <u>Pinti</u> decision and Plaintiffs respectfully suggest that the Magistrate Sullivan's reliance on post-Pinti cases such as <u>Marroquin</u> and <u>Eaton II</u> in the RR are indicative of this fact.

In accordance with Paragraph 22 of the Plaintiffs' Mortgage the right to bring a court action to assert the non-existence of the default or present any other defenses to acceleration and foreclosure is an "unequivocal right" that may not be "significantly, and inexcusably differ[ed] from, watered … down, and overshadowed…" Nat'l Mortg. Ass'n v. Marroquin, 477 Mass. 82, 85 (2017). It is an independent right that exists separately and apart from any so-called "foreclosure proceeding" and the Defendants' inclusion of such language referring to a so-called "foreclosure proceeding" is completely unnecessary and contradictory to the Plaintiffs' unequivocal right to bring a court action. The right to bring a court action to assert the non-existence of a default is born when a default is asserted by the Defendants and in accordance with Paragraph 22 of the Mortgage acceleration and foreclosure may not be initiated, judicially or non-judicially, within 30 days of the notice of default. Therefore, the right to bring a court action exists at least 30 days prior to the Defendants' right to accelerate and initiate a "foreclosure proceeding". Therefore the Notice's unnecessary reference to a "foreclosure proceeding" serves the purpose of delaying the Plaintiffs unequivocal right to bring a court action.

The Notice in this case, by use of the word "or" states that the Plaintiffs have the option to wait until some undefined "foreclosure proceeding" takes place before they can assert the non-existence of a default or any other defense. This language effectively "waters down" the right to bring a court action because the Notice states that the Plaintiffs have an option to wait for a "foreclosure proceeding" while the "foreclosure proceeding" the Defendants opted to initiate (ie. the non-judicial Statutory Power of Sale) fails to provide a mechanism by which the homeowner may assert the non-existence of a default or present defenses. For if the Plaintiffs were to show up at the foreclosure auction and demand that they be allowed to present defenses in accordance

with their rights under Paragraph 22 they would likely cause a disturbance that would justify police involvement.

Furthermore, not only do the Defendants have the option to proceed with the non-judicial Statutory Power of Sale in which there is no procedure by which the Plaintiffs may assert the non-existence of a default or present defenses, but the Notice also fails to clarify which procedure or proceeding the Defendants will initiate.  This leaves the Plaintiffs hoodwinked into believing that there is an option to wait for a "foreclosure proceeding" to present defenses, when the Defendants chose to not to invoke a "foreclosure proceeding" in which the Plaintiffs could assert the non-existence of a default or present any defenses in the first place.  In FNMA v. Marroquin, 477 Mass. 82 90, (2017), the Court held that where the notice implies that the right is "conditional, without specifying the conditions" and "suggests that the homeowners may need to perform legal research" the notice fails to strictly inform the homeowner of the right to bring a court action.  Likewise in this case, since the "right to bring a court action" is an "unequivocal right" there was no need to add the language that there is a "foreclosure proceeding" that the Plaintiffs have an option to wait for when the Defendants invoked the Statutory Power of Sale that does not allow the Plaintiffs to assert the non-existence of a default or any other defenses.  The fact that the Notice failed to inform the Plaintiffs of the type of  "foreclosure proceeding" that the Defendants intended to invoke left the Plaintiffs in a position where they would have to perform legal research in order to truly know their options.  Furthermore, while the Notice's suppositive intent in covering both judicial and non-judicial scenarios may seem clear to a learned jurist, the Notice's reference to a "foreclosure proceeding" is an assumption that is likely to confuse the layman which enhances the need for strict compliance with notification of the unequivocal right to bring a court action rather than wait for a "proceeding" that will never allow the laymen like the Plaintiffs to present defenses.

In concluding that the Notice in this case strictly complied with Paragraph 22 of the Mortgage, the Magistrate Sullivan found that the Notice was "analogous to" the notice in the Massachusetts Appeals Court case of <u>Eaton v. Fed. Nat'l Mortg. Ass'n</u>, 101 N.E.3d 945,950-951 (Mass. App. Ct.), <u>review denied</u>, 107 N.E.3d 1162 (Mass.2018) ("Eaton II"). In <u>Eaton II</u>, however, the notice mentioned a "foreclosure proceeding" within the context of the paragraph 22 notification that failure to cure the default before a certain date may result in acceleration and sale rather than within the context of the homeowners' unequivocal right to bring a court action. Thus, the mention of a "foreclosure proceeding" within the context of <u>Eaton II</u> materially and significantly differs from the Notice in this case, which unnecessarily alters the Plaintiffs' unequivocal right to bring an action to assert the non-existence of a default or other defenses to an option that may unnecessarily mislead the Plaintiffs into waiting for a foreclosure proceeding in which this unequivocal right fails to exist.

Finally, the Plaintiffs aver that Magistrate Sullivan erroneously considered the fact that the Plaintiffs "do not argue that they were so deceived; nor do they allege facts permitting the inference that they lost their right to assert defenses or were prejudiced because they were waiting for Wilmington Savings to bring a judicial foreclosure". (RR at p. 10). These considerations are not relevant to the analysis because the existence of prejudice is not necessary when determining whether or not a paragraph 22 notice strictly complies with the words of the Mortgage. In <u>Thompson v. J.P. Morgan Chase Bank</u>, NA, 915 F.3d 801, 805 (2019) the First Circuit stated that "[t]he mind of the common-law lawyer is steeped in the proposition that a mistake must ordinarily have had an adverse impact on the plaintiff or a court will disregard it: no harm, no foul." <u>Id</u>. As the <u>Pinti</u> case explains, however, "[t]he defendants' assertion that the plaintiffs in this case were not prejudiced by any failure to comply with the provisions of paragraph 22 misses the point.

6

Paragraph 22 demands strict compliance, regardless of the existence, or not, of prejudice to a particular mortgagor." Pinti 33 N.E.3d at 1223 n.20 (citing Foster, Hall & Adams Co. v. Sayles, 213 Mass 319, 100 N.E. 644, 646 (1913). Furthermore, as stated by the First Circuit in the Thompson decision, "[a]fter all, the bank is the one writing the notice and has ample opportunity and expertise to make it entirely accurate. It may take some imagination to consider every possible way it could be misleading; but the foreclosure procedure allowed to the bank is itself favorable to the bank. In exchange, both accuracy and avoidance of potential deception are conditions of the validity of the foreclosure, lifting . . . the need to show prejudice." Thompson at 915 F.3d 801, 805. Therefore, the standard of strict compliance "frees the mortgagor of any need to prove that the inaccuracy or deception caused harm". Id.

The standard of strict compliance does not require an actual showing of prejudice under Rhode Island law as well. Likewise, in Judge McConnell's Martins decision the Court explained that "[i]n analyzing the sufficiency of notice, this Court will not concern itself with 'whether the [borrower] has been misled by the notice given". Martins at 170. Blanchette, 763 A.2d at 642 (quoting Tate v. Peter Charles Reynolds, Inc., 622 A.2d 449, 450 (R.I. 1993). "[T]he focus here is likewise, in viewing the Mortgage *in tandem with §34-11-22*, 'whether [or not] the [mortgage agreement] has been complied with." Id. When evaluating the Notice in this case under a standard of strict compliance, the actions or inactions of the Plaintiffs are irrelevant to the analysis because there is no requirement of a showing of prejudice under a standard of strict compliance in the first place. All that matters is if the language of the Notice strictly complied with the language of the mortgage. Likewise, as in Martins the Notice in this case "did not". Id. Therefore, as explained in this Objection the Notice failed to strictly comply with Paragraph 22 of the Mortgage.

Dated: January 10, 2020

Respectfully Submitted,
Plaintiffs,
By their Attorney,


/s/ Todd S. Dion___ _____
Todd S. Dion, Esq. (6852)
681 Park Avenue, Ste 202
Cranston, RI 02910
Telephone: 401-965-4131
Facsimile: 401-270-2202
toddsdion@msn.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 9, 2020.

/s/ Todd S. Dion_____