UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KEVIN G. AUBEE and<br>CARRIE A. AUBEE,<br>   Plaintiffs,<br><br>v.<br><br>SELENE FINANCE LP and<br>WILMINGTON SAVINGS FUND<br>SOCIETY, FSB D/B/A CHRISTIANA<br>TRUST, AS TRUSTEE FOR PRETIUM<br>MORTGAGE ACQUISITION TRUST,<br>   Defendants. | Civil Action No. 19-cv-00037-WES-PAS |

**RESPONSE TO PLAINTIFFS' OBJECTION TO REPORT AND
RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS**

NOW COME Selene Finance LP ("**Selene Finance**") and Wilmington Savings Fund Society, FSB D/B/A Christiana Trust, as Trustee for Pretium Mortgage Acquisition Trust ("**Wilmington Savings**") and respectfully respond to Plaintiffs' Objection to Report and Recommendation on Defendants' Motion to Dismiss as follows.

**Statement of Material Facts**

1.   Kevin Aubee and Carrie Aubee ("**Plaintiffs**") are, on information and belief, Rhode Island citizens with a principal residence located at 16 Louise Ann Drive, Smithfield, Rhode Island (the "**Property**"). Complaint (as defined below), ¶ 5.

2.   Wilmington Savings is a subsidiary of Wilmington Savings Fund Society Financial Corporation, a financial services holding company headquartered in Wilmington, Delaware. Complaint, ¶ 7.

1

3.    Selene Finance is the loan servicer for the Note and Mortgage (as defined below) on behalf of Wilmington Savings. Complaint, ¶ 6.

### The Loan

4.    By quitclaim deed dated September 19, 2003, the Plaintiffs became record owners of the Property. Complaint, ¶ 10.

5.    On January 26, 2005, the Plaintiffs executed a promissory note in favor of Domestic Bank (the "**Lender**") to borrow the sum of $359,650.00 (the "**Note**"). As security for their obligations under the Note, the Plaintiffs granted a mortgage on the Property in favor of Mortgage Electronic Registration Systems, Inc. as nominee for the Lender (the "**Mortgage**"). Complaint, ¶ 11.

6.    The Mortgage was assigned to Wells Fargo Bank NA by an assignment of mortgage dated December 13, 2011. The assignment of mortgage was recorded in the Smithfield Land Evidence Records in Book 824 at Page 129. Complaint, ¶ 15.

7.    The Mortgage was then assigned to Wilmington Savings by an assignment of mortgage dated April 20, 2016. The assignment of mortgage was recorded in the Smithfield Land Evidence Records in Book 1056 at Page 308. Complaint, ¶ 18.

### The Bankruptcy Actions

8.    On May 11, 2015, Carrie A. Aubee ("**Ms. Aubee**") filed a Chapter 13 petition with the U.S. Bankruptcy Court for the District of Rhode Island (the "**Bankruptcy Court**"), case no. 15-10981. On June 30, 2015, the Bankruptcy Court dismissed Ms. Aubee's Chapter 13 plan for failure to file information.

2

9.      On September 22, 2015, Ms. Aubee filed a second Chapter 13 petition with the Bankruptcy Court case no. 15-11826.  On November 29, 2016, the Bankruptcy Court dismissed Ms. Aubee's case after denying confirmation of the Chapter 13 Plan.

### The Foreclosure Action

10.     On June 18, 2018, the Property was sold at a foreclosure sale pursuant to R.I.G.L. § 34-11-22 under a power of sale contained in the Mortgage.  Title to the Property has been duly established as evidenced by a foreclosure deed (the "**Foreclosure Deed**") recorded on October 9, 2018 in the Smithfield Land Evidence Records in Book 1184 at Page 147.

11.     Wilmington Savings is the owner of the Property.  Complaint, ¶ 61.

### The Complaint

12.     On October 26, 2018, the Plaintiffs filed a complaint (the "**Complaint**") with the Superior Court (Providence) for the State of Rhode Island (the "**State Court**"), commencing the above-captioned action.

13.     In the Complaint, the Plaintiffs seek *inter alia* an order that they "be returned to their status and circumstances" prior to the foreclosure. Complaint, ¶ 65.

14.     On January 28, 2019, the Defendants removed the above-captioned action from State Court to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

15.      On April 5, 2019, Selene Finance and Wilmington Savings filed a motion to dismiss the Complaint (the "**Motion**").

16.     On April 15, 2019, the Plaintiffs filed a response in opposition to the Motion.

3

17. On December 9, 2019, this Court held a hearing on the Motion and took the matter under advisement (the "**Hearing**").

18. On December 27, 2019, United States Magistrate Judge Patricia A. Sullivan filed her report and recommendation that the Motion be granted (the "**Report and Recommendation**" or "**R & R**").

19. On January 9, 2020, the Plaintiff's filed their objection to the Report and Recommendation (the "**Objection**").

## Conclusions of Law

20.. For the following reasons, this Court should overrule the Plaintiffs' Objection and grant the Motion.

### The Claim of Breach of Contract Should Be Dismissed

20. The Plaintiffs' Objection focuses on paragraph 22 of the Mortgage and argues that the notice of default's language "water's down" the Plaintiffs' unequivocal right to bring a court action and was not in compliance with said paragraph. Paragraph 22 states, in relevant part, "You have the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default and/or the right to bring a court action to assert the non-existence of a default or any other defense to acceleration, foreclosure and/or sale of the property." Plaintiffs argue that the use of the conjunctive "and/or" amounts to a breach of the mortgage contract because it is misleading deviation from strict compliance with paragraph 22 of the Mortgage. Plaintiffs' argument fails because the notice of default conforms to paragraph 22 and the unnecessary reference to a foreclosure proceeding does not affect or undermine the

4

defendants' compliance with its contractual duty.  As Magistrate Judge Sullivan points out in her Report and Recommendation, although it is commonly described as a non-judicial foreclosure state, Rhode Island also permits judicial foreclosures.  <u>R.I. Gen. Laws § 34-27-1</u>.  If a mortgagor decides to foreclose judicially, the borrower's defenses to foreclosure may be raised in the foreclosure proceeding.  <u>Id</u>.  As such, it is accurate for a Rhode Island borrower to be advised that, if a judicial foreclosure proceeding ended up being initiated, defenses to acceleration and sale could be raised in that proceeding.  The notice of default language was drafted to create a letter whose content conforms to the version of Paragraph 22 used in both non-judicial foreclosure states and judicial foreclosure states, with "and/or" conjoining the two (2) advisories.  Plaintiffs rely heavily on the decision from <u>Pinti;</u> however, the case at hand is more analogous to <u>Eaton.</u>  That case holds that "the mortgagee is not required to send a notice that quotes word for word from Paragraph 22, as long as there is no incorrect implication that the mortgagee would be required to bring a judicial foreclosure in order to foreclose and that the mortgagors could then exercise their right to defend".  <u>R&R pg. 8.</u>  The notice of default sent to Plaintiffs differs from those in <u>Martins</u>, <u>Demers</u>, and <u>Pinti</u> as those cases involve the notice of default failing to address the right to bring a court action.  Nor is the case at bar similar to <u>Marroquin</u> since the contractually unnecessary mention of a "foreclosure proceeding" in the notice of default sent to Plaintiffs was not added to be intentionally deceptive or to induce inaction.  <u>R&R pg. 12.</u>  Furthermore, as Magistrate Judge Sullivan articulates in her Report and Recommendation, other than in Alabama, <u>Pinti</u> has not been followed outside of Massachusetts.  While Massachusetts decisions

may be viewed as persuasive in Rhode Island, Rhode Island jurists have not relied on Pinit and this Court is certainly not bound by that decision.

21. The claim of breach of contract regarding Selene Finance should also be dismissed because there is no mortgage contract between Selene Finance and Plaintiffs. The rule is that a mortgage servicer that is not a party to the mortgage owes no implied duties to plaintiffs arising out of the mortgage contract. Ayoub v. CitiMortgage Inc., 2018 WL 1318919, at *7. In this case, Selene Finance did not have a contract with Plaintiffs and Plaintiffs do not object to the portion of the Report and Recommendation that suggests the claim against Selene Finance should be dismissed. For these reasons, the claim of breach of contract should be dismissed as to Selene Finance.

### The Claim of Violation of R.I.G.L. § 34-27-3.1 Should Be Dismissed

18. This Court should dismiss the Plaintiffs' claim for violation of R.I.G.L. § 34-27-3.1 because the Plaintiffs abandoned this claim at the hearing on the Motion.

WHEREFORE, Selene Finance and Wilmington Savings respectfully request that this Court enter an order:

1. Dismissing Plaintiffs' claim for breach of contract;
2. Dismissing Plaintiffs' claim for violation of R.I.G.L. § 34-27-3.1; and
3. Granting Selene Finance and Wilmington Savings such other and further relief as is just and proper.

*Signature Page to Follow*

Respectfully submitted,

SELENE FINANCE LP and
WILMINGTON SAVINGS FUND
SOCIETY, FSB D/B/A CHRISTIANA
TRUST, AS TRUSTEE FOR PRETIUM
MORTGAGE ACQUISITION TRUST,

By their attorney,

/s/ *Michael E. Swain, Esq*
Michael E. Swain, Esq. (RI Bar No. 8190)
Demerle Hoeger LLP
84 State Street
Boston, MA 02109
(617) 337-4444
MSwain@DHNewEngland.com

DATE: January 23, 2020