UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KEVIN G. AUBEE and<br>CARRIE A. AUBEE,<br>      Plaintiffs,<br><br>v.<br><br>SELENE FINANCE LP and<br>WILMINGTON SAVINGS FUND<br>SOCIETY, FSB D/B/A CHRISTIANA<br>TRUST, AS TRUSTEE FOR PRETIUM<br>MORTGAGE ACQUISITION TRUST,<br>      Defendants. | Civil Action No. 19-cv-00037-WES-PAS |

## ANSWER OF WILMINGTON SAVINGS[1]

### INTRODUCTION

1. No response necessary. To the extent a response is required Wilmington Savings Fund Society, FSB D/B/A Christiana Trust, as Trustee for Pretium Mortgage Acquisition Trust ("Wilmington Savings") denies the Plaintiffs' allegations.

2. No response necessary. To the extent a response is required Wilmington Savings denies the Plaintiffs are entitled to any such relief.

### JURISDICTION AND VENUE

3. No response necessary.

4. No response necessary.

### PARTIES

5. Wilmington Savings has insufficient information to admit or deny.

---

[1] Only Wilmington Savings will be filing an answer as the First Circuit Court of Appeals affirmed the dismissal of Selene Finance LP from the action as to Count I and dismissed Count II in toto in its Order dated December 21, 2022.

1

6. Admit.

7. Admit.

## **FACTS**

8. Wilmington Savings repeats and realleges its responses to paragraphs 1 through 5.

9. Wilmington Savings has insufficient information to admit or deny.

10. No response necessary. The document speaks for itself.

11. No response necessary. The document speaks for itself.

12. No response necessary. The document speaks for itself.

13. No response necessary. The document speaks for itself.

14. Wilmington Savings admits that this assignment was recorded.

15. Wilmington Savings admits that this assignment was recorded.

16. No response necessary. The document speaks for itself.

17. No response necessary. The document speaks for itself.

18. Wilmington Savings admits that this assignment was recorded.

19. No response necessary. The document speaks for itself.

20. No response necessary. The document speaks for itself.

21. Denied.

22. Denied.

23. Admit.

24. Denied.

25. Denied.

26. Denied.

## COUNT I[2]
## BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS PRECEDENT TO EXERCISE THE STATUTORY POWER OF SALE

27. Wilmington Savings repeats and realleges its responses to paragraphs 1 through 26.

28. No response necessary. Calls for conclusions of law.

29. No response necessary. Calls for conclusions of law.

30. No response necessary. Calls for conclusions of law.

31. No response necessary. Calls for conclusions of law.

32. No response necessary. Calls for conclusions of law.

33. Denied.

34. No response necessary. Calls for conclusions of law.

35. No response necessary. Calls for conclusions of law.

36. No response necessary. The document speaks for itself.

37. Denied.

38. No response necessary. The document speaks for itself.

39. No response necessary. The document speaks for itself.

40. Denied.

41. No response necessary. The document speaks for itself.

42. Denied.

---

[2] Wilmington Savings is not responding to Count II as the First Circuit Court of Appeals Affirmed the dismissal of this Count in its Order dated December 21, 2022.

43. Denied.

44. Wilmington Savings admits it charged fees and costs for certified mail, advertising, legal fees and auctioneer fees.  Wilmington Savings denies that these fees were improper or invalid.

45. Wilmington Savings has insufficient information to admit or deny whether the Plaintiffs have paid any fees to their attorney. Wilmington Savings denies that the Plaintiffs are entitled to any damages.

46. Wilmington Savings has insufficient information to admit or deny whether the Plaintiffs have suffered emotional injuries. Wilmington Savings denies that the Plaintiffs are entitled to any damages and leaves the Plaintiffs to their proof.

47. Wilmington Savings has insufficient information to admit or deny whether the Plaintiffs have paid any fees to their attorney.

48. Selene denies that the Plaintiffs have suffered any damages.

49. No response necessary. Calls for conclusions of law.

48. Denied.

49[3]. Denied.

50. Selene denies that the Plaintiffs are entitled to this relief.

51. Selene denies that the Plaintiffs are entitled to this relief.  This request is moot as the property has been transferred to Wilmington Savings Fund Society, FSB D/B/A Christiana Trust, as Trustee for Pretium Mortgage Acquisition Trust.

---

[3] The Plaintiffs repeat the numbers 48 and 49 in their complaint.

52. Denied.

53. Denied.

54. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Wilmington Savings did not breach any contract.

### Second Affirmative Defense

The Plaintiffs are equitably estopped from making their claims.

### Third Affirmative Defense

The Plaintiffs have been unjustly enriched.

### Fourth Affirmative Defense

The Plaintiffs have not suffered any damages.

### Fifth Affirmative Defense

The Plaintiffs fail to state a claim upon which relief may be granted.

    Respectfully submitted,

    WILMINGTON SAVINGS FUND SOCIETY, FSB D/B/A CHRISTIANA TRUST, AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST,
    By its attorney,

    /s/ John T. Precobb
    John T. Precobb, Esq. (RI Bar No. 5698)
    Demerle Hoeger LLP
    10 City Square
    Boston, MA 02129
    (617) 337-4444
    jprecobb@dhnewengland.com

## **CERTIFICATE OF SERVICE**

I, John T. Precobb, Esq. hereby certify that I have this 24th day of January 2023 served the foregoing document by causing copies hereof to be sent by electronic mail via the electronic court filing system (ECF) and by first-class U.S. mail (M) to all parties not appearing electronically but entitled to service per the Federal Rules of Civil Procedure.

    Todd S. Dion, Esq.
    15 Cottage Avenue, Ste. 202
    Quincy, MA 02169 (ECF)

    /s/ John T. Precobb
    John T. Precobb, Esq.